# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 16-120V
## (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * *   *
                                                *
                                                *
THOMAS AURIGEMMA,                               *
                                                *       Filed: September 10, 2020
              Petitioner,                       *
                                                *
                                                *
v.                                              *       Decision by Stipulation; Damages;
                                                *       Influenza ("Flu") Vaccine; Hepatitis B
                                                *       ("Hep B") Vaccine; Guillain-Barré
SECRETARY OF HEALTH AND                         *       syndrome ("GBS"); Chronic
HUMAN SERVICES,                                 *       Inflammatory Demyelinating
                                                *       Polyneuropathy ("CIDP").
              Respondent.                       *
                                                *
* * * * * * * * * * * * * * * * * * * * * * *   *
```

*Anne Carrion Toale*, Maglio Christopher and Toale, Sarasota, FL, for Petitioner.
*Alexis Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON JOINT STIPULATION[1]

On January 27, 2016, Thomas Aurigemma ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2]  Pet., ECF No. 1.  Petitioner alleges he suffered from Guillain-Barré syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of the influenza and Hepatitis B vaccinations he received on October 4, 2014.  *See* Stipulation ¶ 2, 4, dated September 9, 2020 (ECF No. 64); *see also* Petition.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Respondent denies "that the flu and hep B vaccines caused [P]etitioner to suffer from CIDP or any other injury or his current condition." *See* Stipulation ¶ 6. Nonetheless, both parties, while maintaining their above-stated positions, agreed in a stipulation filed September 9, 2020 that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

## 1. A Lump Sum

A lump sum of $1,831,734.51 in the form of a check payable to [P]etitioner, which represents compensation for first year life care expenses ($131,554.17), lost earnings ($1,530,791.64), pain and suffering ($165,000.00), and past unreimbursable expenses ($4,388.70). Stip. ¶ 8.

## 2. Annuity

The remainder of damages shall be paid in the form of an annuity contract, which shall be purchased as soon as practicable after entry of judgment. Accordingly, pursuant to 42 U.S.C. § 300aa-15(f)(4), I order Respondent to purchase, and take ownership of, an annuity contract,[3] as described below:

Each Life Insurance Company must meet the following criteria:

1. Have a minimum of $250,000,000 of capital and surplus, exclusive of any mandatory security valuation reserve; and

2. have one of the following ratings from two of the following rating organizations:
   a) A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
   b) Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
   c) Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
   d) Fitch Credit Rating Company, Insurance Company Claims-Paying Ability Rating: AA-, AA, AA+, or AAA.

The Secretary of Health and Human Services shall purchase an annuity contract from the Life Insurance Company for the benefit of Petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to Petitioner as described in paragraph 10 of the attached Stipulation. This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

---

[3] To satisfy the conditions set forth herein, in Respondent's discretion, Respondent may purchase one or more annuity contracts from one or more life insurance companies.

       I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[4]

       **IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

THOMAS AURIGEMMA, )
)
       Petitioner, )
  v. )
) No. 16-120V
SECRETARY OF HEALTH ) Special Master Oler
AND HUMAN SERVICES, ) ECF
)
       Respondent. )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Thomas Aurigemma, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu') vaccine and a hepatitis B ("hep B") vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his vaccinations on October 4, 2014.

3. The vaccination was administered within the United States.

4. Petitioner alleges that he suffered from Guillain-Barre Syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of receiving the flu and hep B vaccines, and that he experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the flu and hep B vaccines caused petitioner to suffer from

CIDP or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the

issues between them shall be settled and that a decision should be entered awarding the

compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with

the terms of this Stipulation, and after petitioner has filed an election to receive compensation

pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue

the following vaccine compensation payments:

a. A lump sum of $1,831,734.51, which amount represents compensation for first year
life care expenses ($131,554.17), lost earnings ($1,530,791.64), pain and suffering
($165,000.00) and past unreimbursable expenses ($4,388.70) in the form of a check
payable to petitioner; and

b. An amount sufficient to purchase the annuity contract described in paragraph 10
below, paid to the life insurance company from which the annuity will be purchased (the
"Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42

U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and

surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company

must have one of the following ratings from two of the following rating organizations:

a.    A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b.    Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-,
      AA, AA+, or AAA;

d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:
      AA-, AA, AA+, or AAA.

2

10. The Secretary of Health and Human Services agrees to purchase an annuity contract

from the Life Insurance Company for the benefit of petitioner, Thomas Aurigemma, pursuant to

which the Life Insurance Company will agree to make payments periodically to petitioner as

follows for the following life care items available under 42 U.S.C. §300aa-15(a).

a. For future unreimbursable TriCare Deductible, Azathioprine, Lexapro, Neurontin, Prednisone, and Wellbutrin expenses, beginning on the first anniversary of the date of judgment, an annual amount of $570.00 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

b. For future unreimbursable Medicare Part B Premium expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,735.20 to be paid up to the anniversary of the date of judgment in year 2054, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

c. For future unreimbursable therapy epenses, beginning on the first anniversary of the date of judgment, an annual amount of $846.00 to be paid up to the anniversary of the date of judgment in year 2065, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

d. For future unreimbursable Podiatrist expenses, beginning on the first anniversary of the date of judgment, an annual amount of $585.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

e. For future unreimbursable Case Manager expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,100.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable Manual Wheelchair Maintenance, Scooter, Scooter Battery, Scooter Maintenance, Lift for Scooter, Wheelchair Bag, and Wheelchair Seat Cushion expenses, beginning on the first anniversary of the date of judgment, an annual amount of $944.90 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g. For future unreimbursable Adjustable Bed, Bedside Safety Pole, Adjustable Toilet Safety Rail, Shower Chair, Toileting Aide, Cane, and Walker expenses, beginning on the first anniversary of the date of judgment, an annual amount of $101.24 to be paid for the

3

remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h. For future unreimbursable Ankle Supportive Shoe, Lift Chair, Portable Ramp, Adaptive Keyboard, Hands Free Mouse, ADL, Cane Tip, and Pill Dispenser expenses, beginning on the first anniversary of the date of judgment, an annual amount of $352.22 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

i. For future unreimbursable Medical Supply, Diaper, and Colace expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,579.35 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

j. For future unreimbursable Home Attendant expenses, beginning on the first anniversary of the date of judgment, an annual amount of $31,937.50 to be paid up to the anniversary of the date of judgment in year 2049. Thereafter, beginning on the anniversary of the date of judgment in year 2049, an annual amount of $51,100.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Thomas Aurigemma, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Thomas Aurigemma's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts

4

awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

5

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu and hep B vaccinations administered on October 4, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about January 27, 2016 in the United States Court of Federal Claims as petition No. 16-120V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this

6

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu and hep B vaccines caused petitioner's alleged GBS, CIDP, or any other injury or his current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

7

Respectfully submitted,

**PETITIONER:**

_____
THOMAS AURIGEMMA

**ATTORNEY OF RECORD FOR
PETITIONER:**

_____
ANNE CARRION TOALE, ESQ.
Maglio, Christopher, and Toale, P.C.
1605 Main Street, Suite 710
Sarasota, FL 34236
Tel: (888) 952-5242

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

_____
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

_____
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

_____
ALEXIS B. BABCOCK
Assistant Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-7678

Dated: 9/9/20

8