# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  February 3, 2021

| | |
|---|---|
| * * * * * * * * * * * * * * | UNPUBLISHED |
| THOMAS AURIGEMMA, | |
| | |
| Petitioner, | No. 16-120V |
| | Special Master Oler |
| v. | |
| | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | |
| AND HUMAN SERVICES, | |
| | |
| Respondent. | |
| * * * * * * * * * * * * * * | |

*Anne C. Toale*, Maglio, Christopher & Toale, Sarasota, FL, for Petitioner.
*Alexis B. Babcock*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 27, 2016, Thomas Aurigemma ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program.[2] Pet., ECF No. 1. Petitioner alleges he suffered from Guillain-Barré syndrome and chronic inflammatory demyelinating polyneuropathy as a result of the influenza and Hepatitis B vaccinations he received on October 4, 2014. *See* Stipulation ¶ 2, 4, dated September 9, 2020 (ECF No. 64); *see also* Petition. On September 9, 2020, the parties filed a stipulation, which the undersigned adopted as her Decision awarding compensation on the same day. ECF No. 65.

On September 19, 2020, Petitioner filed an application for final attorneys' fees and costs. ECF No. 70 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $102,422.44, representing $83,280.20 in attorneys' fees and $19,142.24 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner states that he has personally incurred costs

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

of $12.10 related to this litigation. Fees App. at 2. Respondent responded to the motion on September 21, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 71. On September 22, 2020, Petitioner filed his reply requesting the undersigned to award the full amount of fees and costs requested.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to an award of final reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.   Reasonable Hourly Rates

The undersigned has reviewed the hourly rates requested by Petitioner for the work of his counsel at Maglio Christopher and Toale (the billing records indicate that Mr. F.J. Caldwell was the lead attorney from 2015-2019, at which point Ms. Anne Toale became the lead attorney). The requested rates are consistent with what counsel has previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable for work performed in the instant case as well.

### b.   Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are

"excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed to be reasonable. Accordingly, Petitioner is awarded final attorneys' fees of $83,280.20.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $19,142.24 in attorneys' costs. Fees App. Ex. 2. This amount is comprised of acquiring medical records, postage, the Court's filing fee, costs associated with travel for a meeting with Petitioner, and work performed by a life care planner. All of these costs are typical of Vaccine Program litigation and are reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $19,142.24.

### d. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner states that he has personally incurred costs of 12.10 for postage. Petitioner has provided documentation supporting this cost and it is reasonable and shall be fully awarded.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $83,280.20 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$83,280.20** |
| | |
| Attorneys' Costs Requested | $19,142.24 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$19,142.24** |
| | |
| **Total Attorneys' Fees and Costs** | **$102,422.44** |
| | |
| **Petitioner's Costs** | **$12.10** |
| | |
| **Total Amount Awarded** | **$102,434.54** |

**Accordingly, the undersigned awards the following:**

1) **a lump sum in the amount of $102,422.44, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Ms. Anne Toale; and**

2) **a lump sum in the amount of $12.10, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).